## M. D. COOPER & CO. *v.* ELIZABETH H. COTTON.

Marriage between persons who do not live in the State gives rise to a community of acquets only from the time they come here to live, and where they do not come to live in this State, the wife has no community interest in the property acquired here by the husband.

APPEAL from the District Court of West Feliciana, *Penn,* J. *Brewer* and *Collins,* for plaintiffs. *Ratliff* and *Cowgill* for defendant. The judgment of the court was pronounced by

ROST, J. The defendant is sued as partner in the community alleged to have existed between her and *Joseph Cotton,* her late husband, on the ground that she has never renounced the community and that she has used and continues to use the property of which it is composed in such a manner as to render herself liable for one-half of its debts.

The defendant pleaded the general issue, and further averred that her husband and herself were residents of the State of Tennessee; that the property left by her husband in this State, at his death, had been brought by him from Tennessee to Louisiana; that he never acquired property in Louisiana, if he had

his domicil there, and that of the defendant being out of the State to the time of his death, the laws regulating the community of acquets and gains would not have been applicable to such acquisitions.

The case is before us on the appeal of the plaintiff from the judgment rendered against him in the first instance.

Every marriage contracted in this State superinduces of right a community of acquets and gains, unless there is a stipulation to the contrary. But marriages contracted out of the State without any intention to remove to Louisiana, do not come under that rule, and until parties married abroad come here to live, the property acquired by the husband in this State does not fall into the community. C. C. 2369, 2370. *Packwood's* case.

It is urged, that at the dissolution of the marriage, all the property left in this State is presumed to be common until the contrary is shown. This is true; but the contrary may be shown, as it has been in this case, by proof that the marriage was entered into out of the State, and that the parties had not come here to live when the property was acquired. .

There having been no community, the defendant could not make herself liable for debts contracted by her husband by failing to make an inventory, or by the other acts charged. We deem it just to say, however, that under the proof adduced her liability would not be established, if there had been a community between her and her husband.

The judgment is therefore affirmed, with costs.